erees ; the plaintiff attended at the trial before the referees ; the referees made a report in favor of the defendant. At this term the administrator duly entered and moved that the report of the referees be accepted, and judgment rendered thereon.

The plaintiff excepted to the report for the following reasons :

1. It is not a report between the parties of record, at the time of making and ensealing the same, by the referees, there being then no legal defendant.

2. The administrator was not authorised to take out the said rule, assemble the referees, and cause the parties to be notified.

3. At the time of taking out said rule, and of the hearing before the referees, there was no legal defendant in said cause.

*Contra.* It was contended that the referees were bound to take notice of the Statute, and of the right of the administrator under it, to prosecute and defend.

2. That the plaintiff, by appearing before the referees, consented to their proceedings, and must be bound by their report.

By the Court. The administrator had a right to take out the rule and proceed with the reference.

Let the report be accepted, and Judgment rendered thereon.

---

## No. 12.

### FIRST CONGREGATIONAL SOCIETY IN SHARON
*against*
### LOVELL & PERCEVAL ADMINISTRATORS OF E. PERCEVAL.
*Windsor*, 1819.

ACTION of covenant broken, by lessor, against the administrator of lessee, for non payment of rent, accruing after the death of lessee, and after a commission of insolvency on the estate, was closed.

Plea in bar—That the estate was represented insolvent, and that plaintiffs did not exhibit their claim to the commissioners, without averring that defendants had no assets, or that they had fully administered.

Held insufficient.

THIS was an action of covenant broken. The declaration stated, that on the 11th day of July, 1811, the plaintiffs, by lease, under hand and seal of the parties, demised and to farm

P.

let to the said Ebenezer Perceval, a certain lot of land, &c.; for the term of 999 years, reserving forty dollars annual rent; that the said Ebenezer covenanted to pay the rent, and also, that he, the said Ebenezer, his executors, administrators, or assigns, would erect and build, on the premises, within three years from the date of said indenture, a good, sufficient, and decent barn, at his and their own proper costs and charges, and keep and maintain the same, during the term aforesaid, in good repair; and, during the term aforesaid, keep and maintain the fences in good repair.

Breaches assigned :

1. The non-payment of the rent which fell due on the 12th day of March, 1815.

2. The not building the barn, either by the said Ebenezer, in his life-time, or by the administrators, since his death.

3. Not keeping the fences in repair.

*Plea* in bar.   That after the defendants were appointed administrators on Ebenezer Perceval's estate, on the 22d day of March, 1813, said estate was represented insolvent, and thereupon commissioners were appointed to receive and examine the claims of the creditors to the said estate ; that said commissioners gave due notice, agreeably to the order of the Judge of Probate, of the times and places of their meetings ; that on the 31st day of December, 1813, the said commissioners made return of their doings, with a list of claims presented to them ; that the plaintiffs did not present their said alledged claims, on which they have brought their said action, to said commissioners, within the time set and limited, by the said Judge of Probate, for that purpose, as aforesaid; and, that from and after the commencement of the year, during which the rent accrued, which is claimed in and by said declaration, the said defendants did not occupy or in any way possess said premises, or take any profit from the same, or in any way prevent the plaintiffs from re-entering on said premises. Demurrer and Joinder.

*Marsh* and *Hubbard*, for the plaintiffs, contended—

1. That the covenant in this case is *real*, and runs with the

land ; the lands are assets, in the hands of the defendants, and pending the settlement of the estate, it was the duty of the administrators to perform the covenants, as much as to pay the taxes.

2. It was an accruing claim, and could not have been proved before the commissioners, the time for building the barn had not expired, when the intestate died, nor were the rents, now claimed, due at the time of his decease.

3. The personal representative is bound by all the covenants of the deceased, and he can exonerate himself, only by pleading he has no assets ; the law keeps its eye on the property, whether in the hands of the administrator or heir ; the defendant must plead, either that he has no assets, or plene administravit, either that he has no property of the deceased, or shew where it has gone ; the claim on the covenant, to pay rent, may be proved before commissioners, as to the rent due while the commission is open ; after that, the lessor may pursue the property, and all the property left by the intestate ; if the property remain in the hands of the administrator, *he* is liable ; if he has delivered over the property to the heirs, he is exonerated, and the *heirs* become liable. . In this case the plea does not alledge that the estate was, in *fact*, insolvent, or that defendants have no assets, or that they have fully administered.

*Contra.*   *T. Hutchinson*, for defendants, insisted—

That the Statute is peremptory, that all demands not exhibited to commissioners, shall be barred.   Vol. 1. p. 153.

If otherwise, the administrators could never safely settle the estate of their intestate ; that the Judge of Probate has no right to allow the administrator's account, for paying any debt not on the commissioners' list of claims, except debts due the State, taxes, and funeral charges.   Vol 1, p. 152.

*Judgment.*   That the plea in bar, is insufficient, and plaintiff recover his damages and costs.